**351]** *THE STATE OF OHIO, ON THE RELATION OF QUINTUS F. ATKINS, *v.* GEORGE TODD AND OTHERS, JUDGES OF THE COURT OF COMMON PLEAS OF THE COUNTY OF ASHTABULA.

Rule of the court of common pleas to show cause why a *mandamus* should not issue to sign a particular bill of exceptions, discharged upon cause being shown that the bill of exceptions in question did not correctly state the facts of the case.

AT the August term of the Supreme Court in Ashtabula county, in the year 1826, Atkins obtained a rule upon the defendants, to show cause, at the next term, why a *mandamus* should not issue, commanding them to sign a certain bill of exceptions, tendered on a trial, in the court of common plea. At the August term, 1827, the rule was extended to the next term. At the August term, 1828, the defendants having failed to show cause, the rule was made absolute, and a *peremptory mandamus* awarded. At the August term, 1829, the defendants, Todd and Kellogg, appeared, and having satisfied the court that they had omitted to show cause against the rule, under a misapprehension of the course of proceedings, in cases of the sort, and that no intentional contempt was committed, the rule for a *peremptory mandamus* was vacated, and cause permitted to be shown. Hays, one of the associate judges, had complied with the *peremptory mandamus*, and signed the bill of exceptions. Keller, another of the associates, was dead. The defendants, Todd and Kellogg, showed for cause, that to the best of their recollection and belief, the bill of exceptions did not contain a true statement of the facts, and that they believed such statement untrue and colored, and therefore they refused to sign it, etc. The case was thus continued to August term, 1830, when it was reserved for decision in this court.

GIDDINGS, for the plaintiff.

There was no argument on the other side.

By the COURT:

The authority to issue a *mandamus*, in a case like the present, can not be doubted. The power is incident to supervising courts,

State of Ohio *v.* Todd and others.

and there are instances of its exercise, both in England and in our own country.

*But this power is to be exercised in such a manner as [352 best to promote the advancement of justice, and the only legitimate object of its exercise, in cases of this sort, is to compel the court below to place upon the record a true statement of the facts as they existed.

The bill of exceptions is in practice, and by law, to be signed and sealed only, not to be prepared by judges; the only obligation upon the judges is to sign and seal a true bill of exceptions.

But the object of the relator is not to compel the judges to sign a correct bill of exceptions, but to sign the bill offered. The motion in 1827 is for a *mandamus* to sign "the bill" presented, or show cause, etc. The cause shown is that the bill presented did not contain a true statement of the facts. It does not appear that the judges refused to sign any and every bill of exceptions; but they refused to sign the bill presented, because it was not true. The power of determining whether a bill of exceptions is true, or not, is vested in the judges, to whom it is presented for signature. In this case, that power has been exercised, and the return of the judges shows that the bill, as tendered, was not true. In this matter, thus presented, we may adopt the language of the chief justice of the United States, in a case that bears a very close resemblance to the present. 4 Pet. 106. "If the court had granted a rule to sign a bill of exceptions, the judge could have returned that he had performed that duty. But the object of the rule is to oblige the judge to sign a particular bill of exceptions, which had been offered to him. The court granted the rule to show cause, and the judge has shown cause, by saying that he has done all that can be required of him, and that the bill is not such a one as he can sign. Nothing is more manifest than that the court can not order him to sign such a bill of exceptions."

If the return be false, or if there be a refusal to sign any bill of exceptions, we need not indicate a remedy.

The rule for a *mandamus* is discharged, and the case remitted that the relator may apply for a *mandamus* to sign a bill of exceptions, or show cause, etc.